UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GORDON W. GILLESPIE, | ) | |
| *Plaintiff*, | ) | Case No. 3:23-cv-390 |
| v. | ) | Judge Atchley |
| | ) | Magistrate Judge Poplin |
| ANDERSON COUNTY, | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

This is a prisoner's pro se action for violation of § 1983. On April 1, 2024, the Court entered an order notifying Plaintiff that his requests for relief appeared to moot in light of his change of address and requiring Plaintiff to show good cause as to why this action should not be dismissed due to the mootness of his requests for relief [Doc. 24 p. 2–3]. Plaintiff has not responded to this order, and his time for doing so has passed. Accordingly, this action will be **DISMISSED as moot**.

Specifically, as the Court previously noted, the only relief Plaintiff seeks in his complaint is (1) medical care, and (2) for the ACDC to receive funding for medical and other purposes [Doc. 1 p. 2]. But these requests are moot in light of Plaintiff's address change [Doc. 21]. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding that a request for declaratory and injunctive relief became moot once inmate was transferred to different facility); *Brandywine, Inc. v. City of Richmond, Ky.*, 359 F.3d 830, 836 (6th Cir. 2004) ("Claims become moot when the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome.").

Accordingly, this action will be **DISMISSED as moot**, and Defendant Anderson County's motion regarding discovery [Doc. 25] will be **DENIED as moot**. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

<pre>                              /s/ Charles E. Atchley, Jr.
                              CHARLES E. ATCHLEY JR.
                              UNITED STATES DISTRICT JUDGE</pre>